# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# WAYCROSS DIVISION

THERESA COUNCIL,

    Plaintiff,

v.

GEO CORRECTIONS AND DETENTION, LLC; CO PASTERS; THIRD PARTY ADMINISTRATION INVESTIGATOR; DAVID LINDSAY; SHIRLEY GILLIHAN; TRACY JOHNS; CAPTAINS/LIEUTENANTS; and CORRECTION OFFICER,

    Defendants.

CIVIL ACTION NO.: 5:15-cv-64

## **O R D E R**

Plaintiff, proceeding in the present case *pro se* and *in forma pauperis*, filed a Complaint brought pursuant to 42 U.S.C. § 2000e ("Title VII"), on July 14, 2015, alleging employment discrimination against her by Defendant. (Doc. 1.) Defendants GEO Corrections and Detention, LLC (hereinafter "GEO"),[1] Tracy Johns and David Lindsay[2] filed a pre-answer Motion to Dismiss Plaintiff's Complaint on December 1, 2015. (Doc. 14.)

A motion to dismiss is dispositive in nature, meaning that the granting of a motion to dismiss results in the dismissal of individual claims or an entire action. Consequently, the Court

---

[1] In its Motion to Dismiss, counsel for Defendants has provided the correct name for the Defendants listed as The GEO Group, INC. and CCGI, LLC. Accordingly, the Clerk is AUTHORIZED and DIRECTED to change the name of the Defendants listed as The GEO Group, INC. and CCGI, LLC to Defendant GEO Corrections and Detention, LLC upon the docket and record of this case.

[2] Counsel for Defendants has also provided the correct name for Defendant Captain Lynsday in its Motion to Dismiss. Thus, the Clerk is the Clerk is AUTHORIZED and DIRECTED to change the name of Defendant Captain Lynsday to David Lindsay upon the docket and record of this case.

is reluctant to rule on the Motion to Dismiss without receiving a response from the Plaintiff or ensuring that Plaintiff is advised of the potential ramifications caused by his failure to respond. Once a motion to dismiss is filed, the opponent should be afforded a reasonable opportunity to respond to or oppose such a motion. This Court must consider that the Plaintiff in this case is a *pro se* litigant. Haines v. Kerner, 404 U. S. 519, 520 (1972). Additionally, when a defendant or defendants file a motion to dismiss, the court must construe the complaint liberally in favor of plaintiff, taking all facts alleged by the plaintiff as true, even if doubtful in fact. Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007).

The granting of a motion to dismiss without affording the plaintiff either notice or any opportunity to be heard is disfavored. Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336-37 (11th Cir. 2011). A local rule, such as Local Rule 7.5 of this court,[3] should not in any way serve as a basis for dismissing a *pro se* complaint where, as here, there is nothing to indicate plaintiff ever was made aware of it prior to dismissal. Pierce v. City of Miami, 176 F. App'x 12, 14 (11th Cir. 2006).

Accordingly, Plaintiff is hereby **ORDERED** to file any response in opposition to the Defendants' motion for dismissal or to inform the court of her decision not to oppose Defendants' motion **within twenty-one (21) days** of the date of this Order. Tazoe, 631 F.3d at 1336 (advising that a court can not dismiss an action without employing a fair procedure). Should Plaintiff not timely respond to Defendants' motion, the Court will determine that Plaintiff does not oppose the motion. See Local Rule 7.5.

---

[3] Local Rule 7.5 states, Unless . . . the assigned judge prescribes otherwise, each party opposing a motion shall serve and file a response within fourteen (14) days of service of the motion, except that in cases of motions for summary judgment the time shall be twenty-one (21) days after service of the motion. Failure to respond shall indicate that there is no opposition to a motion.

(emphasis added).

To assure that Plaintiff's response is made with fair notice of the requirements of the Federal Rules of Civil Procedure regarding motions to dismiss, generally, and motions to dismiss for failure to state a claim upon which relief may be granted, the Clerk of Court is hereby DIRECTED to attach a copy of Federal Rules of Civil Procedure 41 and 12 to the copy of this Order that is served on the Plaintiff.

Additionally, the Court notes that the United States Marshals Service attempted to serve all Defendants named in the Complaint with process at the addresses provided by Plaintiff; however, several Summons were returned unexecuted on October 30, 2015, with notations that the named Defendants could not be located due to lack of identifiable information. (Docs. 10, 11, 12.) Furthermore, Defendant GEO submits that Defendants "Third Party Administration Investigator," "Captains/Lieutenants-African-American/Caucasian," "CO African-American/Caucasian" and "Shirley Gillihan" could not be identified and Defendant CO Pasters is no longer employed by Defendant GEO. (Doc. 14, p. 1.) Therefore, Plaintiff is directed to provide the Court with adequate information for these Defendants, to include addresses where they can be served, **within twenty-one (21) days** of the date of this Order. Plaintiff's failure to comply with this Order will result in the dismissal of her claims against these Defendants.

**SO ORDERED**, this 3rd day of December, 2015.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

3