IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

THERESA COUNCIL,

    Plaintiff,

v.

GEO CORRECTIONS AND DETENTION, LLC; et al.,

    Defendants.

CIVIL ACTION NO. 5:15-cv-64

## **O R D E R**

Presently before the Court is Defendants' Motion to Dismiss, (doc. 14.), and Plaintiff's Motion to Amend her Complaint, (doc. 20.) For the reasons and in the manner set forth below, the Court **GRANTS** Plaintiff's Motion to Amend and **DISMISSES** Defendants' Motion to Dismiss **without prejudice**.

### BACKGROUND

Plaintiff, proceeding in the present case *pro se* and *in forma pauperis*, filed a Complaint brought pursuant to 42 U.S.C. § 2000e ("Title VII"), on July 14, 2015, alleging employment discrimination by Defendants. (Doc. 1.) Defendants GEO Corrections and Detention, LLC (hereinafter "GEO"), Tracy Johns, and David Lindsay filed a pre-answer Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim on December 1, 2015. (Doc. 14.) Specifically, Defendants state that although Plaintiff alleges racial discrimination in her Complaint, she does not provide her race, what specific adverse action or harassment occurred, or which Defendants were responsible for such actions. (Id.) On December 23, 2015, Plaintiff filed a response and a

Motion to Amend her Complaint. (Docs. 19, 20.) Defendants GEO, Johns, and Lindsay subsequently filed a response on January 11, 2016, objecting to Plaintiff's Motion because her response and Motion provide no additional clarity to the original Complaint. (Id.)

**DISCUSSION**

**I. Plaintiff's Motion to Amend her Complaint**

Under Federal Rule of Civil Procedure 15(a), a party may amend her complaint once as a matter of right within twenty-one (21) days after a motion is served under Rule 12(b), (e), or (f). Even when a party may not amend as a matter of right, she may amend with the opposing party's written consent, or the court's leave. Fed. R. Civ. P. 15(b). "The court should freely give leave when justice so requires." Id. While leave to amend is generally freely given, it is by no means guaranteed. "In making this determination, a court should consider whether there has been undue delay in filing, bad faith or dilatory motives, prejudice to the opposing parties, and the futility of the amendment." Cooks v. United States, No. CV 114-195, 2015 WL 7069665, at *1 (S.D. Ga. Nov. 13, 2015) (quoting Saewitz v. Lexington Ins. Co., 133 F. App'x 695, 699 (11th Cir. 2005)).

Here, Plaintiff did not file her leave to amend within the twenty-one day window for filing as a matter of right. However, Plaintiff only missed the window by one day. It appears on the face that Plaintiff's Complaint does not contain sufficient factual matter to support a claim upon which relief may be granted. Further, Plaintiff does not specify in her Motion to Amend how she will remedy the defects in her Complaint. However, in an abundance of caution, the Court **GRANTS** Plaintiff's Motion to Amend.

Plaintiff may file her Amended Complaint within **twenty-one (21) days** of the date of this Order. However, the Court reminds Plaintiff that a complaint is insufficient if it "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (alteration in original) (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)).

**II.    Motion to Dismiss**

Defendants properly questioned the sufficiency of Plaintiff's Complaint through their Motion to Dismiss. However, Plaintiff's request to amend could directly impact the questions underlying the Motion to Dismiss, particularly because "an amended complaint supersedes the initial complaint and becomes the operative pleading in the case." Lowery v. Ala. Power Co., 483 F.3d 1184, 1219 (11th Cir. 2007). Consequently, Plaintiff's impending filing of an amended complaint moots Defendants' Motion to Dismiss. Perkins v. Kushla Water Dist., No. CIV.A. 13-00286-KD-B, 2013 WL 4511329, at *1 (S.D. Ala. Aug. 23, 2013) ("Because Plaintiff's amended complaint is now the operative pleading in this action; Defendants' motion [to dismiss] is moot.") (citing Pintando v. Miami–Dade Housing Agency, 501 F.3d 1241, 1243 (11th Cir. 2007); De Sisto College v. Line, 888 F.2d 755, 757 (11th Cir. 1983); Meterlogic, Inc. v. Copier Solutions, Inc., 185 F. Supp. 2d 1292, 1297 (S.D. Fla. 2002)).

Thus, the Court **DISMISSES** Defendants' Motion to Dismiss **without prejudice**. Defendants may reassert their Motion, if proper, after Plaintiff files her Amended Complaint.

## CONCLUSION

For the reasons and in the manner set forth above, the Court **GRANTS** Plaintiff's Motion to Amend her Complaint, (Doc. 20), and **DISMISSES** Defendants' Motion to Dismiss (Doc. 14).

**SO ORDERED**, this 23rd day of June, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA