**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION**

THERESA COUNCIL,

    Plaintiff,

v.

GEO CORRECTIONS AND DETENTION
LLC; and WARDEN TRACY JOHNS,[1]

    Defendants.

CIVIL ACTION NO.: 5:15-cv-64

**O R D E R**

This matter is before the Court on Plaintiff's Motion to Appoint Counsel, (doc. 25), and Defendant's July 27, 2016, Motion to Dismiss, (doc. 28). The Court **DENIES** Plaintiff's Motion to Appoint Counsel and provides instructions to Plaintiff regarding Defendant's Motion to Dismiss which Plaintiff is urged to follow.

**I.  Motion to Appoint Counsel**

Plaintiff filed a Motion for Appointment of Counsel to assist her with this case. (Doc. 25.)  In this civil case, Plaintiff has no constitutional right to the appointment of counsel. Wright v. Langford, 562 F. App'x 769, 777 (11th Cir. 2014) (citing Bass v. Perrin, 170 F.3d 1312, 1320 (11th Cir. 1999)). "Although a court may, pursuant to 28 U.S.C. § 1915(e)(1),

---

[1] Plaintiff lists D. Ray James Correctional Facility as a Defendant, but in their Motion to Dismiss, (doc. 28), Defendant GEO Corrections and Detention, LLC informs the Court that "GEO operates [D. Ray James Correctional Facility] and is already named." (Id. at p. 1.) Plaintiff also includes International Union, Security, Police and Fire Professionals of America (SPEPA) in the caption of her Second Amended Complaint. (Doc. 24, p. 1.) However, as Plaintiff does not list SPEPA as a Defendant anywhere else in her Complaint or include any allegations against this organization, the Court will presume that Plaintiff does not intend to add SPEPA as a Defendant to the case. Accordingly, the Clerk is **AUTHORIZED** and **DIRECTED** to update the docket to reflect the appropriate Defendants in this case: GEO Corrections and Detention, LLC and Warden Tracy Johns.

appoint counsel for an indigent plaintiff, it has broad discretion in making this decision, and should appoint counsel only in exceptional circumstances." Wright, 562 F. App'x at 777 (citing Bass, 170 F.3d at 1320). Appointment of counsel in a civil case is a "privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." Fowler v. Jones, 899 F.2d 1088, 1096 (11th Cir. 1990) (citing Poole v. Lambert, 819 F.2d 1025, 1028 (11th Cir. 1987) and Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir. 1985)). The Eleventh Circuit has explained that "the key" to assessing whether counsel should be appointed "is whether the pro se litigant needs help in presenting the essential merits of his or her position to the court. Where the facts and issues are simple, he or she usually will not need such help." McDaniels v. Lee, 405 F. App'x 456, 457 (11th Cir. 2010) (quoting Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993)).

The Court has reviewed the record and pleadings in this case and finds no "exceptional circumstances" warranting the appointment of counsel. This case is not so complex legally or factually to prevent Plaintiff from presenting "the essential merits of [her] position" to the Court. For these reasons, the Court **DENIES** Plaintiff's Motion for Appointment of Counsel.

**II.     Instructions Regarding Defendant's Motion to Dismiss**

A motion to dismiss is dispositive in nature, meaning that the granting of a motion to dismiss results in the dismissal of individual claims or an entire action. Consequently, the Court is reluctant to rule on the Motion to Dismiss without receiving a response from the Plaintiff or ensuring that Plaintiff is advised of the potential ramifications caused by her failure to respond. Once a motion to dismiss is filed, the opponent should be afforded a reasonable opportunity to respond to or oppose such a motion. This Court must consider that the Plaintiff in this case is a *pro se* litigant. Haines v. Kerner, 404 U. S. 519, 520 (1972). Additionally, when a defendant or

2

defendants file a motion to dismiss, the court must construe the complaint liberally in favor of plaintiff, taking all facts alleged by the plaintiff as true, even if doubtful in fact. Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007).

The granting of a motion to dismiss without affording the plaintiff either notice or any opportunity to be heard is disfavored. Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336-37 (11th Cir. 2011). A local rule, such as Local Rule 7.5 of this court,[2] should not in any way serve as a basis for dismissing a *pro se* complaint where, as here, there is nothing to indicate plaintiff ever was made aware of it prior to dismissal. Pierce v. City of Miami, 176 F. App'x 12, 14 (11th Cir. 2006).

Accordingly, Plaintiff is hereby **ORDERED** to file any response in opposition to the Defendant's motion for a dismissal or to inform the court of her decision not to oppose Defendant's motion within twenty-one (21) days of the date of this Order. Tazoe, 631 F.3d at 1336 (advising that a court cannot dismiss an action without employing a fair procedure). Should Plaintiff not timely respond to Defendant's motion, the Court will determine that Plaintiff does not oppose to the motion and will dismiss this case for Plaintiff's failure to respond. See Local Rule 7.5.

To assure that Plaintiff's response is made with fair notice of the requirements of the Federal Rules of Civil Procedure regarding motions to dismiss, generally, and motions to dismiss for failure to state a claim upon which relief may be granted, the Clerk of Court is hereby instructed to attach a copy Federal Rules of Civil Procedure 41 and 12 to the copy of this Order

---

[2] Local Rule 7.5 states, "Unless . . . the assigned judge prescribes otherwise, each party opposing a motion shall serve and file a response within fourteen (14) days of service of the motion, except that in cases of motions for summary judgment the time shall be twenty-one (21) days after service of the motion. Failure to respond shall indicate that there is no opposition to a motion." (emphasis added).

3

that is served on the Plaintiff.

**SO ORDERED**, this 12th day of August, 2016.

_____
R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA